# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| Plaintiff-Respondent. | § | |
| VS. | § | CRIMINAL ACTION NO. H-99-0628 |
| ANTHONY WAYNE CLARK, | § | |
| Defendant-Petitioner, | § | |
| (Civil Action No. H-11-3691) | § | |

## ORDER

On June 25, 2012, this court granted the government's motion to dismiss[1] and denied Clark's motion to vacate under 28 U.S.C. § 2255. (Docket Entry No. 236). In his motion for relief from judgment, filed on August 6, 2012, Clark argues that he did not receive a copy of the government's motion to dismiss and therefore had no opportunity to respond. (Docket Entry No. 242).

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Edwards v. City of Houston,* 78 F.3d 983, 995 (5th Cir. 1996). A motion that challenges a prior judgment on the merits is treated as either a Rule 59(e) or Rule 60(b) motion. *Id.* "Under which rule the motion falls turns on the time at which the motion is served." *Lavaspere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n.14 (5th Cir. 1994). "If the motion is served within [28] days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id. See also Williams v. Thaler*, 602 F.3d 291, 303 n.7 (5th Cir. 2010) ("In 2009, the

---

[1] The government moved to dismiss on the grounds that the § 2255 motion was filed too late to be considered on the merits and, alternatively, that it failed on the merits.

Rule 59(e) was amended, and extended the ten day filing deadline to twenty-eight days. This change does not affect the substance of our analysis."). Because Clark's motion was filed more than twenty-eight days after this court's entry of final judgment, Rule 60(b) applies.

Federal Rule of Civil Procedure 60(b) provides that:

> . . .the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Motions under Rule 60(b)(1), (2), and (3) may be filed up to one year after the judgment is entered; motions under Rule 60(b)(4), (5), and (6) must be filed "within a reasonable time." *See* FED. R. CIV. P. 60(b). Rule 60(b) sets out five bases for granting relief from a final judgment. Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." Relief under Rule 60(b)(6) is reserved for "extraordinary circumstances." *Batts v. Tow-Motor Forklift Co.,* 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted).

Clark states that when he filed his § 2255 motion and through the present, he was incarcerated at FCI Beaumont Low.[2] The certificate of service attached to the government's motion to dismiss, (Docket Entry No. 234), states that the government sent a copy of the motion to dismiss to Clark at the only address on file, FCI Beaumont Low. (Docket Entry No. 234, p. 23). Clark received the filings the Clerk of Court sent to that address. There is no explanation for the failure to receive the motion to dismiss. And in any event, Clark has still not filed a response nor indicated what his grounds for resisting dismissal would be.

Clark's allegation that he did not have an opportunity to respond to the Government's motion to dismiss does not present extraordinary circumstances warranting relief from judgment. Clark's motion for relief from judgment, (Docket Entry No. 242), is denied.

Clark's motion to proceed in forma pauperis on appeal, (Docket Entry No. 241), is granted.

SIGNED on August 14, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[2] Clark states and the court has verified through on-line research that Clark remains confined at FCI Beaumont Low.